IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                    PLAINTIFF

v.                                              Civil No. 4:20-CV-04078

SHERIFF JAMES SINGLETON, Hempstead                                         DEFENDANTS
County, Arkansas; JAMES WISE, Jail
Administrator; JAILOR JOHN DOE;
ANN JOHNSON, Parole Officer; and
KATHY FINCH, Head Cook

## ORDER

This is a civil rights action filed by Plaintiff Willie Munn pursuant to 42 U.S.C. § 1983. Before the Court is the issue of Plaintiff's application to proceed *in forma pauperis* and the number of his previous 42 U.S.C. § 1983 lawsuits that have been dismissed for failure to state a claim.

### I. BACKGROUND

Plaintiff's Complaint was initially filed on September 15, 2020. (ECF No. 1). The Complaint was provisionally filed prior to a determination regarding Plaintiff's status as indigent and service of process. Plaintiff filed an application to proceed *in forma pauperis* (IFP) at the time of the filing of his Complaint but failed to submit page two of his application. (ECF No. 2). The Court instructed Plaintiff to submit a complete *in forma pauperis* (IFP) application for the Court's review by October 9, 2020. (ECF No. 3). Plaintiff failed to submit an amended IFP application by that date. Thus, the Court gave Plaintiff until November 9, 2020, to show cause why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 6).

On November 2, 2020, Plaintiff filed a First Amended Complaint (ECF No. 7)[1] a document that the Court construed as a Supplement to his First Amended Complaint (ECF No. 9), an amended application to proceed IFP (ECF No. 8), and a document that the Court construed as a Motion for Temporary Injunction and Restraining Order (ECF No. 10).

Plaintiff's allegations include the following: that there is "no nurse on duty" at the Hempstead County Jail and that the guards distribute medication in an unsanitary manner; that no masks are passed out; that no bleach is passed out; that screening is not taking place; that the jail contains black mold and it leaks when it rains; and that Plaintiff was arrested without a warrant. (ECF No. 7). In the Supplement to the First Amended Complaint, Plaintiff states the conditions in the jail are violating his constitutional rights and that he has not been allowed to see an eye doctor to follow up from a cataract surgery "about a year ago." (ECF No. 9). Plaintiff also includes claims that his arrest was in violation of his constitutional rights. (ECF No. 9). Finally, Plaintiff includes claims concerning Kaiven Wesley's medical conditions and the food served to inmates in the jail. (ECF No. 9).

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") contains a "three strikes" provision, which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. 28 U.S.C. § 1915(g). This

---

[1] In Plaintiff's First Amended Complaint (ECF No. 7), he names Kaiven Wesley as an additional Plaintiff. Wesley's name is *not* included on the last page of the First Amended Complaint and Wesley has not signed the First Amended Complaint. In addition, Wesley has not submitted an Application to Proceed *In Forma Pauperis*. Thus, it appears to the Court that Munn is attempting to represent Wesley. A non-attorney pro se litigant cannot appear on behalf of another person or represent another person's interests. *See* 28 U.S.C. § 1654. *See also Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998)(stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause . . . . A person must be litigating an interest personal to him"). If Mr. Wesley would like to pursue the claims which pertain to him, he must file his own pro se action.

provision is commonly known as the "three strikes rule" or the "three strikes provision." The Court is aware that Plaintiff has filed at least three cases which were dismissed as frivolous, malicious, or for failure to state a claim: (1) *Munn v. Endell*, Civil No. 5:93-cv-00308 (E.D. Ark. May 25, 1993); (2) *Munn v. Garland, et al.,* Civil No. 4:02-cv-4132 (W.D. Ark. March 13, 2003); and (3) *Munn v. Hunt, et al.,* Civil No. 4:15-cv-04072 (W.D. Ark. Oct. 5, 2017).

Although Plaintiff has at least three strikes, he may still proceed IFP if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing," and "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff has not alleged that he was in imminent danger at the time he filed this suit. Further, although it appears that portions of Plaintiff's allegations concern COVID-19 precautions, multiple courts have found that general allegations regarding potential COVID-19 exposure are insufficient to establish "imminent danger" under the three-strike provision. *See e.g., Talbert v. Well Path*, Civil Action No. 20-3401, 2020 WL 4815828, at *2 (E.D. Pa. Aug. 19, 2020) (imminent-danger exception not met by plaintiff's "general allegations of exposure to other incarcerated people who may have, in turn, experienced exposure to COVID-19," or by "eventual or suspected [potential] development of a serious health condition"); *Littlejohn v. Whitmer,* No. 2:20cv112, 2020 WL 4581658, at *3 (W.D. Mich. Aug. 10, 2020) (exception not met where there were no confirmed COVID-19 cases in the plaintiff's prison unit, the department of corrections had taken "extraordinary measures" to limit the threat posed by COVID-19, the plaintiff's "highly limited" housing assignment "appear[ed] to be a form of social distancing," and the "mere fact that

[he] was currently a prisoner" failed to show that he was "at any greater risk of contracting COVID-19 than the general public"); *Johnson v. Wilcher,* No. CV420-089, 2020 WL 2064935, at * 2 (S.D. Ga. Apr. 28, 2020) (exception not met despite the plaintiff's "proximity to other inmates that [had] tested positive for the disease and the failure of the Sheriff to provide masks, gloves, [or] disinfecting products"); *Jones v. Douglas County Jail,* No. 20-3091, 2020 WL 1492703, at *1 (D. Kan. Mar. 27, 2020) (exception not met by plaintiff's allegations that prison officials had failed to respond to inmate grievances requesting masks, and that another inmate had been exposed to COVID-19).

### III. CONCLUSION

Accordingly, Plaintiff's application to proceed IFP (ECF No. 2) and amended application to proceed IFP (ECF No. 8) are **DENIED**.

Plaintiff's First Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to continue this case, he must complete the following within thirty (30) days of the entry of this Order: (1) pay the $350 filing fee in full, noting the above case style and number; and (2) file a motion to reopen the case.

The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an IFP appeal would not be taken in good faith.

**IT IS SO ORDERED**, this 4th day of December 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

4